**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LISA M. TORRES,**
          **Plaintiff,**

     v.                                                             Case No.  09-C-1095

**WEIGEL BROADCASTING CO.,**
          **Defendant.**

---

## DECISION AND ORDER

Plaintiff filed this action pursuant to the Americans with Disabilities Act ("ADA") on November 20, 2009.  On April 1, 2010, defendant Weigel Broadcasting filed a motion to dismiss the complaint for failure to state a claim on which relief may be granted.  Plaintiff did not oppose this motion within the time permitted under the local rules.  On May 13, 2010, defendant filed a reply brief indicating that plaintiff had not filed any opposition to the motion to dismiss and that therefore the motion should be granted.  On May 14, 2010, plaintiff filed a motion for leave to oppose the motion to dismiss asserting that her counsel was experiencing computer problems in April and did not receive notice of defendant's motion to dismiss until defendant filed its reply brief on May 13.  Defendant did not oppose plaintiff's request for additional time, and so such request was granted.

In lieu of filing a brief in opposition to the motion to dismiss, however, plaintiff filed a letter containing some argument in opposition to the motion to dismiss along with a proposed amended complaint.  I need not accept the amended complaint because it was filed more than 21 days after defendant filed its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Fed. R. Civ. P. 15(a)(1)(B) (party may not amend complaint

as a matter of course if more than 21 days has elapsed since service of a motion under Rule 12(b), (e) or (f)). Further, the original complaint does indeed fail to state a claim on which relief may be granted, since it does not give the defendant fair notice of plaintiff's claims. See Fed. R. Civ. P. 8(a). The complaint contains little more than bare conclusions of law – i.e., that plaintiff possessed some unidentified disability within the meaning of the ADA and that she was terminated based on this disability. The complaint does not even identify the approximate dates on which the events giving rise to her claim occurred. Therefore, the original complaint will be dismissed.

Nonetheless, plaintiff's proposed amended complaint states a claim on which relief may be granted. The Seventh Circuit has recently identified the facts that a plaintiff must plead in order to state a discrimination claim: the type of discrimination that occurred, by whom, and when. See Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010). Plaintiff's amended complaint states all of these facts: it alleges that she was subject to discrimination on the basis of disability (anxiety disorder), by her managers at Weigel Broadcasting Company, when they terminated her employment on April 3, 2008. Further, although plaintiff filed her amended complaint after the deadline for her to do so as a matter of course, I may grant her leave to file the amended complaint pursuant to Rule 15(a)(2). And because, ordinarily, a court should afford a litigant an opportunity to file an amended complaint before dismissing the case for failure to state a claim, see Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993), I will accept the amended complaint as the operative complaint in this action.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss the original complaint is **GRANTED**, with the exception that the dismissal is without prejudice.

**IT IS FURTHER ORDERED** that the clerk of court shall accept plaintiff's first amended complaint as the operative complaint in this action pursuant to Civil Local Rule 15(c). Defendant shall then respond to the amended complaint within the time prescribed by Federal Rule of Civil Procedure 15(a)(3).

Dated at Milwaukee, Wisconsin, this 28th day of October, 2010.

/s_____
LYNN ADELMAN
District Judge